# Bolton's Appeal.

1. A mechanic's lien, to be valid, must be filed within six months from the delivery of the materials, or work done.

2. Where materials are furnished, or work done, for a building in pursuance of a contract, the lien is in time if filed within six months from the time the contract is performed.

3. A book of original entries kept by a paper-hanger is evidence of the

[Shinn *v.* Commonwealth.]

amount of paper furnished and labor in putting it on, where the entry is made as soon as the quantity of paper is determined from its use, and the amount of work done in using it.

4. Where facts have been found by an auditor, and approved by the court below, this court will not interfere unless the case manifests most flagrant error.

APPEAL from the decree of the Court of Common Pleas of *Montgomery County.*

The opinion of the court was delivered May 17th, 1855, by

KNOX, J.—In order to validate a lien for materials furnished for the credit of a building, the claim must be filed within six months from the delivery of the materials; but where the delivery is in pursuance of an entire contract, the lien limitation does not begin to run until the contract is performed. *Bartlett* v. *Kingan,* 7 Harris, 341; *Duncan* v. *Phillips,* not yet reported.

A book of original entries, kept by a paper-hanger, is evidence of paper furnished and labor bestowed in putting it upon the walls, where the entry is made as soon as the quantity of paper is ascertained from its use and the amount of work done in using it, although it required several days to finish the work. *Kock* v. *Howell,* 6 W. and S. 350.

When facts have been found by an auditor and approved by the court below, the case must manifest most flagrant error in order to justify this court in interfering with the report. Per Lowrie, J., in *Meaga's Appeal,* 7 Harris, 222.

The principles above stated affirm this decree. We cannot say that there was no evidence—that the lumber was furnished under an entire contract, and we think that the book of original entries, corroborated as it was by the testimony of Daniel Pile, sufficiently proved Hollinbach's claim.

Decree affirmed at appellant's costs.